WALTER P. CARPENTER *vs.* BLACKSTONE FINANCE, INC.

APRIL 20, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

188

CONDON, J. This is an action of trover and conversion. The case was tried to a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. The case is here on the defendant's exception to such decision.

The plaintiff's cause of action is based upon the unlawful taking of his automobile by certain alleged servants or agents of defendant under a claim of title thereto by virtue of an unrecorded personal property mortgage given to defendant by plaintiff's vendor. The plaintiff purchased the automobile from De LaPerche Auto Sales Inc. on May 19, 1954 for $1,180 in cash and a Mercury automobile of the trade-in value of $545, or a total price of $1,725. On July 13, 1954 the automobile was "picked up" on a street in Providence by one Henry W. Motherway on the order of Robert D. Bishop after plaintiff had been informed that the auto sales company had mortgaged it before selling it to him.

Bishop and Motherway claimed to be acting for Blackstone Finance Inc. of Providence but the mortgage which is in evidence is to Blackstone Finance, Inc. It appears that there are two Rhode Island corporations with such very similar names. It also appears that while they are technically separate, they are in practice closely connected. For example, John A. Campbell was president, treasurer, and general manager of both corporations. He is also the owner of all the stock of defendant corporation which in turn owns all the stock of Blackstone Finance Inc. of Providence. The latter corporation has an office in Providence of which Bishop is manager. The office door leading into the public corridor bears the corporate name, but on the door of Bishop's office is the defendant's name, Blackstone

Finance, Inc. The assistant treasurer of that corporation shares such office with Bishop.

The office of defendant is in Pawtucket. The Providence office received payments for defendant and transmitted them to Pawtucket. The Pawtucket office in turn rendered the same service for the Providence office. Bishop kept a supply of defendant's personal property mortgage forms containing the name Blackstone Finance, Inc. in his office for use, and it was on one of such forms that the mortgage here relied on was written. The plaintiff conferred with Bishop after he, plaintiff, had been informed of the mortgage and Bishop telephoned Campbell in Pawtucket. In the meantime the order had been given to "pick up" plaintiff's automobile. Apparently Bishop and the employees of Blackstone Finance Inc. of Providence performed services for Blackstone Finance, Inc. under the supervision of Campbell who was, in effect, the owner of both companies.

Notwithstanding the interlocking nature of the two corporations and their close community of interests, defendant contended that Bishop and Motherway were not its servants or agents nor had it authorized them to act for it in the repossession of plaintiff's automobile. In substance it took the position that plaintiff had made the same mistake which was made in *Mockel* v. *Pawtucket Gas Co. of New Jersey*, 48 R. I. 485, and had sued the wrong corporation. As a further defense it contended that in any event plaintiff was not a *bona fide* purchaser.

The trial justice rejected the first contention. He held that the *Mockel* case was not applicable to the matter in controversy here. He further held that Bishop and Motherway in assuming to repossess the automobile by virtue of the title thereto conveyed by the mortgage must necessarily have been acting for Blackstone Finance, Inc. because it was the sole mortgagee. He also found that plaintiff was a *bona fide* purchaser for value without notice of the un-

recorded mortgage. Under its exception defendant argued in this court that the trial justice erred in both respects.

After a careful examination of the evidence we are of the opinion that the trial justice did not err. We agree with his holding that the *Mockel* case is not applicable in the circumstances here. His finding that the automobile was repossessed by persons acting on behalf of the mortgagee named in the mortgage, that is, the defendant, is the only logical conclusion that could be drawn from the evidence. We also agree with his finding that plaintiff was a *bona fide* purchaser. Indeed the evidence on that phase of the case appears to be uncontradicted. Only surmise and conjecture based on suspicion are opposed to it. The evidence of close friendship between De LaPerche and plaintiff which alone raises such suspicion is of no probative force and even if it were productive of a reasonable inference it would be much too weak in the face of the positive testimony for plaintiff to warrant us in saying that the finding of the trial justice was clearly wrong.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Jacob J. Alprin, Sydney I. Resnick,* for plaintiff.

*William J. George,* for defendant.